UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RANDY BAUGHMAN AND
MICHAEL JAMES DIXON, INDIVIDUALLY                                              PLAINTIFFS

v.                                                                Case No.: 1:23cv298 LG-BWR

CERTAIN UNDERWRITERS AT LLOYD'S
OF LONDON                                                                          DEFENDANT

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Certain Underwriters at Lloyd's of London ("Defendant"), by and through undersigned counsel, hereby files this Notice of Removal of this action from the Circuit Court of George County, Mississippi, to the United States District Court for the Southern District of Mississippi, the district and division in which includes George County, the county in which the state court action is now pending. This Notice of Removal is filed pursuant to 28 U.S.C. §§1441 and 1446. In support hereof Defendant respectfully shows this Court:

## Civil Action Removed

1. On September 26, 2023, Randy Baughman ("Plaintiff") commenced an action against Defendant in George County, Mississippi, entitled *Randy Baughman and Michael James Dixon, individually vs. Certain Underwriters at Lloyd's of London* (the "State Court Case"). *See* Plaintiff's Complaint attached hereto as **Exhibit A**.

2. Michael James Dixon is also a named plaintiff bringing a claim arising out of alleged damaged from Hurricane Zeta. However, Dixon's property address is wholly separate and distinct from Baughman's, and located in a completely different city (i.e. Biloxi). As best as this Defendant can tell, Dixon is in no way related to any claim that Baughman has under his policy of insurance and Dixon is insured under a separate policy and likely a separate insurer. Defendant suggests that these separate claims should be severed into separate suits.

**Timeliness of Removal**

3. On September 29, 2023, Plaintiff had personally delivered the Summons and Complaint on Mendes & Mount, Certain Underwriters at Lloyd's of London registered agent. As such, removal is timely because thirty (30) days have not elapsed since Underwriters received Plaintiff's Complaint, as required by 28 U.S.C. §1446(b). *See* Summons attached hereto as **Exhibit B**.

**Notice to State Court**

4. Concurrent with the filing of this Notice, Defendant will also file with the Circuit Court of George County, Mississippi, a true and correct copy of this Notice, thereby effecting removal of this action to this Court. As per 28 U.S.C.A. § 1446(d), no further proceedings shall be had in the Circuit Court of George County, Mississippi. Pursuant to 28 U.S.C.A. § 1446 and the Local Rules of Court, a true and correct copy of the certified record of the state-court proceedings will be timely filed as a separate item.

5. Plaintiff has requested a trial by jury in the State Court Case.

6. Defendant has filed contemporaneously with this Notice a civil cover sheet.

**Notice to Plaintiff**

7. Consistent with 28 U.S.C. § 1446(d) and as indicated in the attached Certificate of Service, Plaintiff is being provided with a copy of this Notice of Removal.

**Basis for Removal: Diversity**

8. This Court has original jurisdiction over this case pursuant to 28 U.S.C. §1332, in that this is a civil action where the matter in controversy exceeds $75,000 and is between citizens of different States.

### A. The amount in controversy exceeds the federal minimum jurisdictional requirements

9. Plaintiff's Complaint in the State Court Case contends that the subject property located at 112 Basin Refuge Road, Lucedale, Mississippi 39452 (the "Insured Property") is insured under a policy of homeowner's property insurance issued by Defendant, identified as Policy No.: VAR679025R2, to Plaintiff Randy Baughman. *See* **Exhibit A**, Compl. at ¶¶ 5–6. Plaintiff's Complaint contends that Hurricane Zeta caused "... significant damage." *See* **Exhibit A**, Compl. at ¶ 8. Plaintiff's Complaint further alleges that Defendant breached the Policy by *inter alia* failing to issue full payment for the alleged loss. *See* **Exhibit A**, Compl. at ¶ 20.

10. Specifically, Baughman alleges that his documented damages to the property total $126,483.00. *See* **Exhibit A**, Compl. at ¶ 13.

11. Accordingly, while Defendant disputes that any additional monies are due and owing to Plaintiff in accordance with the terms, conditions, and exclusions of the Policy, the current amount in dispute exceeds $75,000.00, exclusive of attorney's fees, interest, and costs.

### B. There is complete diversity between Plaintiff and Chubb

12. Under the diversity statute, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. §1332(c)(1).

13. According to the Complaint, Plaintiff Baughman is a citizen of George County, Mississippi. *See* **Exhibit A**, Compl. at ¶ 2.

14. As stated above, Michael James Dixon is also a named plaintiff bringing a claim. According to the Complaint, Plaintiff Dixon is a citizen of Harrison County, Mississippi. *See* **Exhibit A**, Compl. at ¶ 2. However, a review of the docket reveals that no one has been served regarding Dixon's claim.

15. Certain Underwriters at Lloyd's of London was and is an English corporation incorporated, domiciled, and with its principal place of business in England. However, for diversity purposes, its citizenship is irrelevant as the Fifth Circuit has previously described the unusual nature of Lloyd's operating model and labeled the task of determining the citizenship of Lloyd's as the "Lloyd's citizenship conundrum". As the Court recognized, "a policyholder insures *at* Lloyd's, but not *with* Lloyd's." *Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853, 857 (5th Cir. 2003). So instead, when determining the diversity of citizenship of the parties, any and all Names subscribing to the policy must be examined.

16. RiverStone International was and is a corporation, domiciled, and with its principal place of business in the United Kingdom, London, England.

17. RiverStone International is a single-Name syndicate and the only Name subscribing to the Policy. RiverStone International insures 100% of the risk for the policy.

18. Complete diversity exists in this case and removal is proper because Plaintiff, Randy Baughman, is a citizen of Mississippi, RiverStone International, being a single-Name Syndicate and the only Name subscribing to the Policy, is a citizen of England.

WHEREFORE, Defendant prays that the above-described action now pending in the Circuit Court of the George County, Mississippi, be removed to this Court.

    Respectfully submitted,

    BY: */s/ M. Garner Berry*
        OF COUNSEL

OF COUNSEL:
M.Garner Berry, Esq. (MSB #100968)
Sarah C. McMillin, Esq. (MSB #100310)
Chartwell Law
200 W. Jackson Street, Suite 200
Ridgeland, Mississippi 39157
Office: (601) 277-6880
Facsimile: (610) 666-7704
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing *Notice of Removal* is being served upon counsel for Plaintiff in accordance with the Federal Rules of Civil Procedure, on this 27th day of October, 2023.

Jason C. Webster, Esq.
The Webster Law Firm
6200 Savoy Dr., Ste. 150
Houston, Texas 77036

                                              */s/ M. Garner Berry*
                                              M. Garner Berry, Esq.